**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER, LLP**
**Attorneys for Defendants,**
**S&H ENTERPRISES, INC. and HARRY L. KENNEDY II**
**1133 Westchester Avenue**
**White Plains, NY 10604**
**(914) 323-7000**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOHAMED ABDELAL,

                             Plaintiff,

             - against -

THE CITY OF NEW YORK, S&H ENTERPRISES, INC.
and HARRY L. KENNEDY II,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Docket No.

**NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

       The Defendants, S&H ENTERPRISES, INC., and HARRY L. KENNEDY II, by

and through their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER

LLP, as and for their notice of the removal of this action pursuant to 28 U.S.C. §§1441(a)

and 1446, petition the Court and respectfully sets forth as follows:

1.     This action was commenced on or about April 25, 2013 against the Defendants,

THE CITY OF NEW YORK, S&H ENTERPRISES, INC., and HARRY L. KENNEDY

II, in the Supreme Court of the State of New York, County of Richmond, by the filing of

a Summons and Verified Complaint, a copy of which is annexed hereto as **Exhibit "A"**.

2.     As set forth on plaintiff's Summons and within the Complaint, the Plaintiff is a

resident of the State of New Jersey. *See* **Exhibit "A"**.

3.    Defendant, S&H ENTERPRISES, INC., is a domestic corporation whose principal place of business is in New York.

4.    Defendant, HARRY L. KENNEDY II is a resident of the State of Pennsylvania.

5.    Defendant, THE CITY OF NEW YORK is a municipality of the State of New York.

6.    Defendants, S&H ENTERPRISES, INC. and HARRY L. KENNEDY II, served a Verified Answer on August 23, 2013, a copy of which is annexed hereto as **Exhibit "B"**.

7.    On August 28, 2013, defendants served a Request for Supplemental Demand Pursuant to CPLR 3017 (c), a copy of which is annexed hereto as **Exhibit "C"**.

8.    On September 13, 2013, defendants received plaintiff's Response to Supplemental Demand Pursuant to CPLR 3017(c), seeking a judgment of $2,000,000.00, a copy of which is annexed hereto as **Exhibit "D"**.

9.    Upon receipt of plaintiff's Response to Supplemental Demand Pursuant to CPLR 3017(c) wherein plaintiff explicitly specified the amount of monetary damages sought, defendants became aware that this claim presents the possibility for damages in excess of $75,000.

10.    Based upon the foregoing, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) because this is a civil action between citizens of different States with an amount in controversy exceeding $75,000.00, exclusive of costs and interest.

11.    The above-described civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, is one which may be removed to this Court by the Defendants, pursuant to the provisions of 28 U.S.C. §§ 1441 & 1446, in that there is diversity of citizenship between plaintiff and defendants.  Specifically, plaintiff was at the

time this action was commenced, and still is, a citizen of the State of New Jersey, the Defendants THE CITY OF NEW YORK, S&H ENTERPRISES, INC. and HARRY L. KENNEDY II are a New York municipality, a New York corporation with its principal place of business in New York, and a resident of the State of Pennsylvania, respectively, and none of the said Defendants has a principal office or place of business within the State of New Jersey, and the matter in controversy herein exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**WHEREFORE**, the Defendants, S&H ENTERPRISES, INC. and HARRY L. KENNEDY II, respectfully pray that this action now pending in the Supreme Court of the State of New York, County of Richmond proceed in the United States District Court for the Eastern District of New York as an action properly removed thereto, together with such other and further relief as this Court may deem just, proper and equitable.

Dated:    White Plains, NY
           October 1, 2013

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    _____

        Kevin Fitzpatrick
        Attorney for Defendants
        **S&H Enterprises, Inc. and Harry Kennedy**
        1133 Westchester Avenue
        White Plains, New York 10604-3407
        (914) 323-7000
        File No.: 12072.00282

TO: DECOLATOR, COHEN & DiPRISCO, LLP
Joseph L. Decolator, Esq.
**Attorneys for Plaintiff**
1399 Franklin Avenue, Suite 201
Garden City, NY 11530
(516) 742 - 6575

MICHAEL A. CARDOZO
Corporation Counsel
**The City of New York**
100 Church Street
New York, NY 10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

MOHAMED ABDELAL,

        Docket No.

        Plaintiff,

   -against-

        **CERTIFICATE OF SERVICE**

THE CITY OF NEW YORK, S&H ENTERPRISES, INC.
and HARRY L. KENNEDY, II,

        Defendants.

-------------------------------------------------------------------- x

I hereby certify that a true and correct copy of the enclosed NOTICE OF REMOVAL, was served on October 1, 2013 by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York to the following addresses designated by said attorneys:

Decolator, Cohen & DiPrisco, LLP
Joseph L. Decolator, Esq.
**Attorneys for Plaintiff**
1399 Franklin Avenue, Suite 201
Garden City, NY 11530
(516) 742 – 6575

Michael A. Cardozo
Corporation Counsel
**The City of New York**
100 Church Street
New York, NY 10007

Dated:  White Plains, New York
       October 1, 2013

                            Kevin Fitzpatrick (KF1985)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

--------------------------------------------------------------X

MOHAMED ABDELAL,

                         *Plaintiff,*

          -against-

THE CITY OF NEW YORK, S & H ENTERPRISES, INC.
and HARRY L. KENNEDY II,

                         *Defendants.*

--------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT(s):

**SUMMONS**

Index No.: 150237/13

Date Filed: 4/25/13

Plaintiff resides at:
3196 Kennedy Boulevard
Jersey City, New Jersey 07306

        ***YOU ARE HEREBY SUMMONED*** to appear in this action by serving a notice of appearance on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

        The basis of the venue designated is the place of occurrence.

Dated: Garden City, New York
       April 25, 2013

                    Yours, etc.

                    Decolator, Cohen & DiPrisco, LLP

                    By:  Joseph L. Decolator, Esq.
                    *Attorneys for Plaintiff*
                    1399 Franklin Avenue, Suite 201
                    Garden City, New York 11530
                    (516) 742-6575

**DEFENDANTS' ADDRESSES:**

S & H ENTERPRISES, INC.
11 Broad Street
Glens Falls, New York 12801

HARRY L. KENNEDY II
416 East 11th Street
Berwick, PA 18603

THE CITY OF NEW YORK
100 Church Street
New York, New York 10038

         S & H ENTERPRISES, INC.
         c/o Secretary of State
         Albany, New York

         HARRY L. KENNEDY II
         c/o Secretary of State
         Albany, New York
         (Pursuant to Section 253 of the VTL)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

---------------------------------------------------------------X

MOHAMED ABDELAL,

                                  *Plaintiff,*

        -against-

THE CITY OF NEW YORK, S & H ENTERPRISES, INC.
and HARRY L. KENNEDY II,

                                 *Defendants.*

---------------------------------------------------------------X

**VERIFIED
COMPLAINT**

Index No. 150237/13

Plaintiff, by his attorney, Decolator, Cohen & DiPrisco, LLP, as and for his Verified

Complaint, respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

1: At all times hereinafter mentioned, plaintiff was and still is a resident of the State of
New Jersey.

2: Upon information and belief, at all times hereinafter mentioned, the defendant,
HARRY L. KENNEDY III, was and still is a resident of the State of Pennsylvania.

3: Upon information and belief, that at all times hereinafter mentioned, the defendant, S
& H ENTERPRISES, INC., was and still is a domestic corporation duly organized and existing
under and by virtue of the laws of the State of New York, with its principal place of business and
offices located in the State of New York.

4: Upon information and belief, at all times hereinafter mentioned, the defendant, S & H
ENTERPRISES, INC., did and/or transacted business in the State of New York and, in fact,
derived a substantial portion of its income from its business activities in the State of New York.

5: Upon information and belief, at all times hereinafter mentioned, the defendant, S & H
ENTERPRISES, INC., did business in the State of New York.

2

6: Upon information and belief, that at all times hereinafter mentioned, the defendant, S & H ENTERPRISES, INC., was the owner of a certain 2009 Chevrolet motor vehicle, bearing New York registration number 67457JZ.

7: That at all times hereinafter mentioned, the defendant, HARRY L. KENNEDY II, operated and controlled a certain 2009 Chevrolet motor vehicle, bearing New York registration number 67457JZ.

8: Upon information and belief, at all times hereinafter mentioned, the defendant, HARRY L. KENNEDY II, operated the aforesaid motor vehicle with the expressed and/or implied consent and permission of the owner thereof.

9: That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was the owner of a certain Chevrolet motor vehicle, bearing New York City Police Department registration number 8674.

10: At all times hereinafter mentioned, the plaintiff, MOHAMED ABDELAL, was the operator of a certain Chevrolet motor vehicle, bearing New York City Police Department registration number 8674.

11: Upon information and belief, at all times hereinafter mentioned, the plaintiff, MOHAMED ABDELAL, operated the aforesaid motor vehicle with the expressed and/or implied consent and permission of the owner thereof.

12: On or about November 13, 2012, at, on or about Hyland Boulevard, at its intersection with Hamden Avenue, in the County of Richmond, City and State of New York, were and still are public highways.

13: At the time and place aforesaid, the vehicle operated by the defendant, HARRY L. KENNDY II, as aforesaid, and the plaintiff's vehicle, as aforesaid, were in contact.

14: On or about November 13, 2012, at or about 6:10 o'clock in the evening thereof,

3

while the plaintiff was lawfully and properly operating the motor vehicle at the location as aforedescribed, the defendant, HARRY L. KENNEDY II, at the time operated the vehicle in such a negligent and careless fashion as to cause a collision to occur, causing severe personal injuries to the plaintiff.

15: The said collision was caused solely and wholly by reason of the negligence and carelessness of the defendants, with no fault or culpable conduct on the part of the plaintiff contributing thereto.

16: The said defendants so negligently and carelessly owned, managed, operated, and controlled their said vehicle, that without any negligence or fault on the part of the plaintiff, and solely by reason of the negligence and carelessness of said defendants, defendants' motor vehicle suddenly came into violent contact with the plaintiff's motor vehicle and, as a result, the plaintiff sustained the injuries hereinafter described.

17: Plaintiff has sustained serious injuries as same are defined in Subdivision (d) of Section 5102 of the Insurance Law of the State of New York and economic loss greater than basic loss as defined in said section of the law.

18: This action falls within one or more of the exceptions set forth in CPLR Section 1602.

19: As a result of defendants' negligence as aforesaid, the plaintiff was severely injured both internally and externally, that plaintiff became sick, sore, lame and disabled, and has suffered great pain, shock, and mental anguish and will continue to suffer for a long time to come, and upon information and belief, has been permanently injured; that by reason of the foregoing, the plaintiff, has been obligated to and did necessarily employ medical aid and medicines in an attempt to cure said injuries; that plaintiff was incapacitated from work by reason of said disabilities; that plaintiff lost wages, salary, and earnings, all to plaintiff's damage in an amount in excess of the maximum monetary jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR AND ON BEHALF OF PLAINTIFF
## AS AND AGAINST THE DEFENDANTS,
## S & H ENTERPRISES, INC. and HARRY L. KENNEDY II

—20: Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs of the Complaint designated "1" through "19", inclusive, with the same force and effect as if herein at length repeated and set forth.

21: At all times hereinafter mentioned, the plaintiff was a police officer employed by the New York City Police Department, acting within the scope and furtherance of his duties as a police officer.

22: Upon information and belief, at all times hereinafter mentioned, defendants neglected, omitted and/or were willfully and/or culpably negligent in failing to comply with statutes, ordinances, codes, rules, orders and/or requirements of State, City and/or local governments then and their existent, including, but not limited to all applicable Sections of the New York State Vehicle and Traffic Law and the New York City Traffic Rules and Regulations concerning the safe and proper operation of a motor vehicle upon the public ways and streets of the State of New York, including, but not limited to, Sections 375(1), 1180(a), 1144, and 1212 of the Vehicle and Traffic Law.

23: Defendants violated the said statutes in that the said defendants did: own, operate, maintain, supervise and control said motor vehicle in a dangerous, negligent, reckless and careless fashion; failed to exercise proper, reasonable and prudent control over said motor vehicle; operated the said motor vehicle at a dangerous and reckless rate of speed; failed to properly control the speed of the said motor vehicle; failed to properly check the speed of the said motor vehicle; failed and omitted to operate the said motor vehicle at a speed that was reasonable and prudent under the conditions then and there existent; failed and omitted to give due regard to

5

the actual and potential hazards then and there existent; failed to properly bring the said motor vehicle to a halt; failed to properly control the said motor vehicle; failed to obey a traffic control device; operated the said motor vehicle in an unskillful manner, permitted, caused and/or suffered to permit or cause an incompetent or otherwise improperly trained and supervised person to use defendant's motor vehicle; failed to properly apply the brakes to the said motor vehicle; failed to properly and prudently observe the road, roadway and traffic conditions then and there existent; failed to yield the right of way to an emergency vehicle; failed to properly and prudently maintain the said motor vehicle; failed to avoid the happening of the accident complained of; operated the said motor vehicle in a dangerous, illegal, and unsafe fashion; failed to observe the traffic conditions and traffic control devices; signs and signals; failed to observe, obey and give due regard for the rules of the road; disregarded traffic signals, signs and devices.

24: Solely by reason of the foregoing, the plaintiff, assert a cause of action against the defendants pursuant to Section 205-e of the General Municipal Law of the State of New York.

25: Solely by reason of the foregoing, the plaintiff has sustained damages in an amount in excess of the maximum monetary jurisdiction of all lower courts.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF
AS AND AGAINST THE DEFENDANT
THE CITY OF NEW YORK**

26: The plaintiff repeats, reiterates and realleges all of the facts set forth in paragraphs numbered "1" through "25" inclusive with the same force and effect as though more fully set forth herein.

27: Upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants and/or employees, were charged with the duty of keeping, maintaining and equipping the said motor, to wit, New York City Police Department vehicle number 8674, in a

safe and proper manner, sufficient to protect those lawfully occupying said motor vehicle, and that the defendant owed such a duty to the plaintiff.

28: At the time and place aforesaid, the defendant, its agents, servants and/or employees, breached the duties which it owed to the plaintiff of keeping, maintaining and equipping the involved motor vehicle in a safe and proper condition sufficient to protect those lawfully occupying said vehicle.

29: The defendant, its agents, servants, employees and/or subcontractors, were negligent in that it negligently and carelessly maintained and equipped its motor vehicle and caused the motor vehicle wherein the plaintiff became injured to be and remain in a dangerous, unsafe, and obstructed condition; failed to supply proper and adequate airbags; failed to ensure that the airbags deployed in the event of a collision; failed to provide a crashworthy vehicle; failed to provide its employees with a safe place to work, causing, permitting and/or creating a dangerous, entrapping and negligent condition to exist, and in failing to warn members of the public of the existence of such dangers.

29: Upon information and belief, the defendant's agents, servants, subcontractors and/or employees had prior written notice of all the defective, negligent, and obstructed conditions existing in the motor vehicle aforementioned.

30: Upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants, employees, and/or subcontractors, created and/or had actual and/or constructive notice of all of the foregoing defective and negligent conditions existing in the motor vehicle involved herein.

31: The injuries sustained by the plaintiff herein were sustained without any fault, want of care and/or culpable conduct on the part of the plaintiff herein but solely by virtue of the negligence and carelessness of the defendant herein.

7

32: That, as a result of defendant's negligence and carelessness as hereinabove described, plaintiff sustained damages in an amount in excess of the maximum monetary jurisdiction of all lower courts.

## AS AND FOR A FOURTH CAUSE OF
## ACTION ON BEHALF OF THE PLAINTIFF
## AS AND AGAINST THE DEFENDANT
## THE CITY OF NEW YORK

33: The plaintiff repeats, reiterates and realleges all of the facts set forth in paragraphs numbered "1" through "32" inclusive with the same force and effect as though more fully set forth herein.

34: Upon information and belief, at all times hereinafter mentioned, defendant neglected, omitted and/or was willfully and/or culpably negligent in failing to comply with statutes, ordinances, codes, rules, orders and/or requirements of State, City and/or local governments then and there existent, including but not limited to Section 375(1) of the Vehicle and Traffic Law and Section 27-a(3) of the Labor Law.

35: The injuries sustained by the plaintiff herein were sustained without any fault, want of care or culpable conduct on the part of the plaintiff herein, but solely by virtue of the neglect, omission, willful or culpable negligence of the defendant in failing to comply with statutes, ordinances, rules, codes, orders and/or other requirements of State, City and/or local governments then and there existent, including but not limited to Section 375(1) of the Vehicle and Traffic Law and Section 27-a(3) of the Labor Law.

36: The defendant, its agents, servants, employees and/or subcontractors, were negligent in that it negligently and carelessly maintained and equipped its motor vehicle and caused the motor vehicle wherein the plaintiff became injured to be and remain in a dangerous, unsafe, and obstructed condition; failed to supply proper and adequate airbags; failed to ensure that the

8

airbags deployed in the event of a collision; failed to provide a crashworthy vehicle; failed to provide its employees with a safe place to work; causing, permitting and/or creating a dangerous, entrapping and negligent condition to exist; and in failing to warn members of the public of the existence of such dangers.

37: Solely by reason of the foregoing, plaintiff asserts a cause of action against the defendant under Section 205-e of the General Municipal Law of the State of New York.

38: Solely by reason of the foregoing, the plaintiff has sustained damages in an amount in excess of the maximum monetary jurisdiction of all lower courts.

WHEREFORE, plaintiff demands Judgment against the defendants, S & H ENTERPRISES, INC. and HARRY L. KENNEDY II, in the First and Second Causes of Action, and against the defendant, THE CITY OF NEW YORK, in the Third and Fourth Causes of Action, in an amount in excess of the maximum monetary jurisdiction of all lower courts, together with interest and the costs and disbursements of this action.

Dated: Garden City, New York
     April 25, 2013

          Yours, etc.

          Decolator, Cohen & DiPrisco, LLP

          By: Joseph L. Decolator, Esq.
          *Attorneys for Plaintiff*
          1399 Franklin Avenue, Suite 201
          Garden City, New York 11530
          (516) 742-6575

STATE OF NEW YORK, COUNTY OF NASSAU ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within
has been compared by me with the original and found to be a true and complete copy.

☒ **Attorney's Affirmation** state that I am
the attorney(s) of record for Plaintiff in the within
action; I have read the foregoing Summons and Verified Complaint and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters
I believe it to be true. The reason this verification is made by me and not by
plaintiff is because plaintiff resides in a
county other than the one in which your deponent maintains his office.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows: conversations with the plaintiff
and office records.

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated: Garden City, New York; April 25, 2013

.................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF ss.: JOSEPH L. DECOLATOR, ESQ.

I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification** in the action; I have read the foregoing
and know the contents thereof; the same is true to my own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the of
a
corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This
verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF ss.: (If more than one box is check—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On I served the within

☐ **Service By Mail** by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served
to be the person mentioned and described in said papers as a party therein;

☐ **Service by Electronic Means** by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL
at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a
copy to the address set forth after each name.

☐ **Overnight Delivery Service** by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each
name below.

Sworn to before me on

.................................................
The name signed must be printed beneath

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------------x
MOHAMED ABDELAL,

              Plaintiff,

     -against-

THE CITY OF NEW YORK, S&H ENTERPRISES, INC.
and HARRY L. KENNEDY II,

              Defendants.
------------------------------------------------------------------------x

Index No.: 150237/13

**VERIFIED ANSWER**

Defendants, S&H ENTERPRISES, INC. and HARRY L. KENNEDY II, by and through their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, as and for their Verified Answer to the Verified Complaint served on behalf of the Plaintiff herein, upon information and belief, respectfully respond as follows:

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs numbered "1," "2," "3," "4," "5," "6," "7," "8," "9," "10," "11," "12" and "13."

2.    Deny each and every allegation contained within paragraphs numbered "14," "15," "16," "18" and "19."

3.    Deny each and every allegation contained within paragraph numbered "17" and leave questions of law to be determined by the Court.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

4.    Repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "20" with the same force and effect as if fully set forth at length.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "21."

6.     Deny each and every allegation contained within paragraphs numbered "22," "23" and "25."

7.     Deny each and every allegation contained within paragraph numbered "24" and leave questions of law to be determined by the Court.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

8.     Repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "26" with the same force and effect as if fully set forth at length.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "27."

10.     Deny each and every allegation contained within paragraphs numbered "28," "29," "29," "30," "31" and "32."

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

11.     Repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "33" with the same force and effect as if fully set forth at length.

12.     Deny each and every allegation contained within paragraphs numbered "34," "35," "36," "37" and "38."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13.     The instant lawsuit may not be maintained pursuant to 5102(d) of the New York State Insurance Law as the plaintiff did not sustain serious injuries.

— 2 —

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14.     Upon information and belief that whatever damages the plaintiff may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiff bears to the culpable conduct which caused said injuries.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15.     In the event plaintiff recovers a verdict or judgment against the defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16.     If and in the event the answering defendants are found to be liable to the plaintiff, answering defendants' liability is 50% or less and therefore answering defendants' liability is subject to the provisions of the CPLR Article 16.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17.     Upon information and belief, that the plaintiff's injuries, if any, were increased or caused by plaintiff's failure to use and wear seat belts at the time of the occurrence and, under the applicable laws, plaintiff may not recover for those injuries which he would not otherwise have sustained.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

4702774.1

18.    The plaintiff has not suffered a serious injury as defined in Section 671 of the Insurance Law and, therefore, is estopped from instituting, and maintaining a legal action pursuant to Section 673 of the Insurance Law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19.    Upon information and belief, this Court has not acquired in personam jurisdiction over defendants.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

20.    Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

WHEREFORE, Defendants, S&H ENTERPRISES, INC. and HARRY L. KENNEDY II, by and through their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, respectfully demand judgment dismissing Plaintiff's Verified Complaint, together with the costs and disbursements herein.

Dated:    White Plains, New York
          August 23, 2013

                            Yours, etc.

            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By:    _____
                           Kevin Fitzpatrick
                           Attorney for Defendants
                           **S&H Enterprises, Inc. and Harry Kennedy**
                           1133 Westchester Avenue
                           White Plains, New York 10604-3407
                           (914) 323-7000
                           File No.: 12072.00282

- 4 -

4702774.1

TO:   DECOLATOR, COHEN & DiPRISCO, LLP
       Joseph L. Decolator, Esq.
       **Attorneys for Plaintiff**
       1399 Franklin Avenue, Suite 201
       Garden City, NY 11530
       (516) 742 - 6575

       MICHAEL A. CARDOZO
       Corporation Counsel
       **The City of New York**
       100 Church Street
       New York, NY 10007

4702774.1

## ATTORNEY VERIFICATION

STATE OF NEW YORK ) 
                      ) ss.:
COUNTY OF WESTCHESTER )

Kevin Fitzpatrick, being duly sworn, deposes and says: That I am a member of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, representing the Defendants, S&H ENTERPRISES, INC. and HARRY L. KENNEDY II, in this matter and is fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding the same maintained in the offices of said law firm.

Deponent has read the foregoing Verified Answer, knows the contents thereof, and the same are true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true.

The grounds of deponent's belief as to all matters not stated to be deponent's knowledge are investigative and other information contained in the file of the said law firm.

The reason this verification is being made by me and not by the defendants is because the defendants do not reside or maintain an office within the County wherein your deponent maintains his office.

Dated: White Plains, New York
        August 22, 2013

                                         Kevin Fitzpatrick

4702774.1

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

*Stacy – Ann Weise*, duly sworn deposes and says that she is employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP and that deponent is not a party to the action, is over 18 years of age and resides in the County of Bronx, New York.

That on the 23rd day of August 2013, deponent served the within **Verified Answer** upon:

DECOLATOR, COHEN & DiPRISCO, LLP
Joseph L. Decolator, Esq.
**Attorneys for Plaintiff**
1399 Franklin Avenue, Suite 201
Garden City, NY 11530
(516) 742 - 6575

MICHAEL A. CARDOZO
Corporation Counsel
**The City of New York**
100 Church Street
New York, NY 10007

The attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
*Stacy - Ann Weise*

Sworn to before me this
23rd day of August 2013

_____
Notary Public

ANDREA F. O'BRIEN
Notary Public, State Of New York
No. 01OB6121877
Qualified in Putnam County
My Commission Expires Jan. 31, 20___

4702774.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------------x
MOHAMED ABDELAL,

              Plaintiff,

       - against -

THE CITY OF NEW YORK, S&H ENTERPRISES, INC. and
HARRY L. KENNEDY II,

              Defendants.
-----------------------------------------------------------------------x

Index No.: 150237/13

**REQUEST FOR**
**SUPPLEMENTAL**
**DEMAND PURSUANT**
**TO CPLR 3017 (C)**

COUNSELORS:

     PLEASE TAKE NOTICE, that pursuant to CPLR 3017(c), Defendants, S&H

ENTERPRISES, INC. and HARRY L. KENNEDY II hereby request, within fifteen (15) days,

service of Plaintiff's Supplemental Demand setting forth the total damages to which the Plaintiff

deems himself entitled in the Verified Complaint.

Dated:    August 27, 2013
           White Plains, NY

                  Yours, etc.

     WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

         By:

             Kevin Fitzpatrick
             Attorney for Defendants
             **S&H Enterprises, Inc. and Harry Kennedy**
             1133 Westchester Avenue
             White Plains, New York 10604-3407
             (914) 323-7000
             File No.: 12072.00282

TO: DECOLATOR, COHEN & DiPRISCO, LLP
Joseph L. Decolator, Esq.
**Attorneys for Plaintiff**
1399 Franklin Avenue, Suite 201
Garden City, NY 11530
(516) 742 - 6575

MICHAEL A. CARDOZO
Corporation Counsel
**The City of New York**
100 Church Street
New York, NY 10007

4708393.1

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK ) 
                              ) ss.:

COUNTY OF WESTCHESTER )

     *Andrea O'Brien*, duly sworn deposes and says that she is employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP and that deponent is not a party to the action, is over 18 years of age and resides in Putnam County, New York.

     That on the 28th day of August 2013, deponent served the within **Request for Supplemental Demand Pursuant to CPLR §3017(c)** upon:

    DECOLATOR, COHEN & DiPRISCO, LLP
    Joseph L. Decolator, Esq.
    1399 Franklin Avenue, Suite 201
    Garden City, NY 11530

    MICHAEL A. CARDOZO
    Corporation Counsel
    **The City of New York**
    100 Church Street
    New York, NY 10007

The attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                              _Andrea O'Brien_

Sworn to before me this
28th day of August 2013

Notary Public

PATRICIA HARRIS
NOTARY PUBLIC, State of New York
No. 01HA6165423
Qualified in Westchester County
Commission Expires May 7, 2015

4709368.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------X    Index No. 150237/2013

MOHAMED ABDELAL,

                 Plaintiff,           **RESPONSE TO**
                                          **SUPPLEMENTAL DEMAND**
   - against -                           **PURSUANT TO CPLR 3017(C)**

THE CITY OF NEW YORK, S&H ENTERPRISES, INC.
and HARRY L. KENNEDY II

                            Defendants.
-------------------------------------------------------------------X

       Plaintiff, by his attorneys, Decolator, Cohen & DiPrisco, LLP, as and for his

Response to Supplemental Demand Pursuant to CPLR 3017 (c), sets forth upon information and

belief:

       Plaintiff seeks judgment against the answering defendants in the sum of Two Million

($2,000,000.00) Dollars.

Dated: Garden City, New York
        September 5, 2013                    Yours, etc.,


                                     By: Joseph L. Decolator
                                     Decolator, Cohen & DiPrisco, LLP
                                     Attorneys for Plaintiff
                                     1399 Franklin Avenue, Suite 201
                                     Garden City, New York 11530
                                     (516) 742-6575


TO:     Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
         Attorneys for Defendants
         S&H ENTERPRISES and HARRY KENNEDY
         1133 Westchester Avenue
         White Plains, New York 10604
         914-323-700
         File No. 12072.00282

Michael A. Cardozo, Esq.
Corporation Counsel
Attorney for Defendant
THE CITY OF NEW YORK
100 Church Street
New York, New York 10007
212-356-3124
File No. 2013-007333

©1995 BlumbergExcelsior, Inc.

STATE OF NEW YORK, COUNTY OF ........................................ ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within ................................................................................ has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am ........................................................ the attorney(s) of record for .............................................................................................. in the within action; I have read the foregoing .............................................................. and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by .........

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:

........................................................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF ........................................ ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification** in the action; I have read the foregoing ............................................................................ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the .................................................................. a .............................................................. corporation and a party in the within action; I have read the foregoing ........................................................ and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

........................................................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF ........................................ ss.: (If more than one box is check — indicate after names type of service used.)

I, the undersigned, being sworn, say; I am not a party to the action, am over 18 years of age and reside at

On .......................................... I served the within

☐ **Service By Mail** by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means** by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.