SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------x

MOHAMED ABDELAL,

                        Plaintiff(s),

        -against-

THE CITY OF NEW YORK, S & H ENTERPRISES,
INC. AND HARRY L. KENNEDY II,

                        Defendant(s).

------------------------------------------------------------------x

**ANSWER**

Index No: 150237/13
File No: 2013-007333

        Defendant THE CITY OF NEW YORK, by MICHAEL A. CARDOZO, Corporation Counsel, answering the complaint, allege upon information and belief:

        1. Deny each allegation set forth in paragraph(s) 9-11,25,28-32,35,36,38, inclusive.

        2. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph(s) 1-8, 12-14,21,27, inclusive.

        3. Deny each allegation set forth in paragraph(s) 20,26,33, inclusive, except as otherwise pleaded herein.

        4. Deny each allegation set forth in paragraph(s) 15,16,19,22,23,24, inclusive, so far as the same may refer to the defendant(s) answering hereby.

        5. Deny each allegation set forth in paragraph(s) designated 17,18,34,37, inclusive, as the same are conclusory and evidentiary and present questions of law and fact which should be reserved for decision at the time of trial.

## AFFIRMATIVE DEFENSE(S)

6. Plaintiff(s)' culpable conduct caused or contributed, in whole or in part, to his/her/their injuries and or damages.

7. At all times mentioned in the complaint, plaintiff(s) knew or should have known in the exercise of due/reasonable care of the risks and dangers incident to engaging in the activity alleged. Plaintiff(s) voluntarily performed and engaged in the alleged activity and assumed the risk of the injuries and/or damages claimed. Plaintiff(s) failed to use all required, proper, appropriate and reasonable safety devices and/or equipment and failed to take all proper, appropriate and reasonable steps to assure his/her/their safety. Plaintiff(s)' primary assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed. Plaintiff(s)' express assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed. Plaintiff(s)' implied assumption of risk caused or contributed, in whole or in part to his/her/their injuries. In any action for injuries arising from the use of a vehicle in, or upon which plaintiff(s) were riding; it will be claimed that the injuries and/or damages sustained were caused by the failure of the plaintiff(s) to use available seat-belts and/or other safety devices.

8. The amounts recoverable by plaintiff(s) are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement between plaintiff(s) and said person(s), or pursuant to Section 4545 of the Civil Practice Law and Rules are subject to reduction by collateral sources received by plaintiff(s), or by reason of the fact that punitive damages are not recoverable against municipal defendant(s).

9. Plaintiff(s) did not submit to an examination pursuant to Section 50-h, General Municipal Law, before commencement of this action.

10. Plaintiff did not properly allege a notice of claim under General Municipal Law §50.

11. Plaintiff's complaint fails to consecutively number allegations as required by section 3014 of the CPLR.

12. The complaint fails to state a cause of action for which relief can be granted, and such acts as were committed by employees of the City of New York in the scope of their employment were justified as being reasonably necessary, and were committed in good faith without malice and with probable cause, and in the performance of discretionary functions for which defendant(s) are qualifiedly privileged under the laws of this State and of the United States.

## CROSS-CLAIMS

13. Any damages sustained by the plaintiff(s) were caused in whole or in part by the acts or omissions of defendant(s) S & H ENTERPRISES, INC. and HARRY L. KENNEDY II, who are or may be liable to the defendant(s) answering hereby for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied.

**WHEREFORE**, defendant(s) demand judgment dismissing the complaint and all cross-claims against them, or, in the event that they are adjudged liable, granting judgment over, or apportioning such liability in accordance with their equitable shares of responsibility, and awarding the costs of this action, together with such other and further relief as to the court may seem just.

MICHAEL A. CARDOZO
Corporation Counsel
100 Church Street
New York, New York 10007

# VERIFICATION

Elizabeth Gallay, an attorney duly admitted to practice law in the Courts of the State of New York and designated as Acting Corporation Counsel of the City of New York, attorney for defendant the City of New York in this action, affirms the following statements to be true under the penalty of perjury pursuant to Rule 2106 CPLR:

That has read the foregoing answer of defendant THE CITY OF NEW YORK, and knows the contents thereof; that the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes them to be true.

Affiant further says that the source of information and the grounds of belief are derived from the files, books and records maintained in the normal course of business of the Law Department and other departments of the City government and from statements made to by officers or agents of the City of New York.

Dated: New York, New York
June 24, 2013

_____
Elizabeth Gallay

## STIPULATION/CERTIFICATION

IT IS HEREBY STIPULATED AND AGREED, that at any time prior to the filing of a note of issue in this action, plaintiff(s) may amend the complaint to name additional defendants herein, provided that such additional defendants shall not include the City of New York, the Board of Education, Health & Hospitals Corporation, City University of New York, or any of their respective departments, subdivisions or employees, nor any other person entitled to defense or indemnification by the City of New York.

The signature below shall constitute the signature required pursuant to NYCRR 130-1.1-a and pertains to all of the enclosed documents: answer, cross-claim(s) and counter-claims(s), if any, together with the accompanying combined demands for particulars an discovery.

Dated:  New York, New York
        June 24, 2013

By: _____
    Elizabeth Gallay

    _____
    Attorney(s) for Plaintiff(s)

Index No: 150237/13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

MOHAMED ABDELAL,

                Plaintiff(s),

- against -

THE CITY OF NEW YORK, S & H ENTERPRISES, INC. AND HARRY L. KENNEDY II,

                Defendant(s).

# ANSWER

MICHAEL A. CARDOZO
Corporation Counsel
Attorney for Defendant
THE CITY OF NEW YORK,
By: Louis Gerber
100 Church Street, Rm.: 4-102
New York, New York 10007
Tel. #: 212-356-3124

Please refer to the following file number: **2013-007333**
and indicate the County in which the action is pending in all papers, correspondence and other communications with respect thereto.